Robert M. Shively
Wyoming State Bar No. 5-6188
Rob Shively, P.C.
536 South Center Street
Casper, WY 82601
Phone: (307) 266-3000
Email: rob@robshively.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 MAR 19 PM 4:09

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALVIN WARREN and CHESTER WARREN, <br><br> Plaintiffs, <br><br> v. <br><br> RUN-RITE TRUCKING, <br><br> Defendant. | CASE #: 19CV55-J |

## COMPLAINT

COME NOW, Plaintiffs, ALVIN WARREN and CHESTER WARREN, by and through their attorneys, and for their causes of action against Defendant, RUN-RITE TRUCKING and in support of the relief requested here, respectfully allege to the Court as follows:

### Nature of the Case

1. This is a Wyoming, diversity jurisdiction, personal injury case arising out of a rear end accident that occurred on or about November 12, 2018, in Albany County, Wyoming.

### Notice of Tangentially Related Case

2. Although this case is not technically related to Case No. 16-CV-247-J that was tried to verdict and judgment before Judge Johnson in December of 2017, counsel is obliged to apprise the Court of the similarities. In that case, Mr. Alvin Warren was driving his vehicle when he was rear-ended by an 18-wheeler on the Interstate Highway in Wyoming. In this case, the same thing

has happened again. This time Alvin Warren's brother, Chester Warren, was driving and Alvin was a passenger. Fortunately, in this instance, both men survived the accident and their injuries.

### Parties

3.  This Complaint is brought on behalf of Plaintiffs Alvin Warren (hereinafter "Alvin") and Chester Warren (hereinafter "Chester"). The Warrens are brothers. They both are citizens and residents of the State of Georgia.

4.  Upon information and belief, Defendant Run-Rite Trucking (hereinafter "Run-Rite") is an Oregon Corporation doing business in Wyoming and with its principal office and place of business in Portland, Oregon. At all times pertinent to this case, Run-Rite was an employer of Jerry Peuser (hereinafter "Peuser"), and Peuser was acting within the scope of his employment.

### Jurisdiction and Venue

5.  Jurisdiction is based on diversity of citizenship between Plaintiffs and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1332.

6.  The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### Facts Common to All Causes of Action

7.  Defendant Run-Rite is a trucking company which hauls loads for shippers in interstate commerce. Run-Rite is a certificated interstate motor carrier. On or about November 12, 2018, Peuser, as an employee of Run-Rite, was operating a Peterbilt CBE semi-truck trailer combination near Laramie, Wyoming. Peuser was traveling eastbound on Interstate 80.

8. At about the same time, Plaintiffs were in a Dodge pickup truck owned and driven by Chester Warren, who was lawfully operating his pickup truck at the time. Alvin and Chester were also traveling eastbound on Interstate 80.

9. Suddenly and without warning, the truck Plaintiffs were riding in was struck from behind by the Run-Rite semi-truck driven by Peuser. Upon information and belief, Peuser did not attempt to slow down or hit the brakes to avoid the crash.

10. Plaintiffs' truck flipped and rolled into the median. Alvin was airlifted to Colorado Hospital due to a collapsed lung and multiple bone fractures in his body. Chester suffered a fracture in his neck and in his back.

11. Peuser made various statements attempting to dodge responsibility to the police who were called to the scene on how the crash occurred. However his overriding statement was that he was traveling approximately 70 mph, he admitted to the trooper on duty that he did not see the vehicle in front of him until it was too late, and he does not believe he even tried to stop and he did not slow down and crashed into Plaintiffs from behind at full speed.

12. The acts, errors or omissions of defendant, are the actual and proximate cause of Alvin and Chester's injuries, which include permanent and debilitating physical injuries, medical expenses, pain and suffering, emotional trauma and past and future lost wages.

### Causes of Action – Negligence

13. Defendant's driver Peuser was negligent in a variety of respects including failure to maintain a proper lookout, failure to yield the right of way, failure to control his speed, and failure to brake or take other measures to avoid the collision. His negligence was a proximate cause of the accident and of Plaintiffs' injuries.

14. On information and belief Defendant Run-Rite was also independently negligent by reason of one or more of the following acts, errors, or omissions:

    a. Failing to adequately qualify its driver that was operating its semi-tractor- trailer;

    b. Failing to adequately train its driver that was operating its semi-tractor- trailer;

    c. Failing to adequately supervise its driver that was operating its semi-tractor- trailer;

    d. Failing to adequately qualify, train and/or supervise its drivers to keep a proper lookout;

    e. Failing to adequately qualify, train and/or supervise its drivers to drive undistracted;

    f. Failing to adequately qualify, train and/or supervise its drivers to keep its tractor-trailer combination under proper control at all times;

    g. Failing to adequately train and supervise its drivers to take proper action to avoid other vehicles lawfully using the highway;

    h. Failing to adequately qualify, train and/or supervise its drivers to not disregard the safety of people on or near a public highway; and/or

    i. Failing otherwise to provide for safe operating semi-tractor-trailer and endangering thereby everyone on or near a highway.

    j. Defendant Run-Rite was otherwise negligent.

15. As a direct a proximate result of the negligence of each Defendant, Run-Rite's semi-tractor trailer combination, operated by Peuser, violently and needlessly crashed into the rear of Warren's pickup truck being lawfully and reasonably driven by Plaintiff Chester Warren. As a direct and proximate result of the negligence of Defendant, Plaintiffs were injured as set forth above.

16.If discovery reveals that Defendants' conduct was more culpable than simple negligence, then Plaintiffs will seek leave of Court to amend this Complaint to allege same and the consequences therefor.

### Damages

17.As a direct and proximate consequence of Defendant's conduct, Plaintiffs have suffered and continue to suffer from the following injuries for which they are entitled to collect compensation from Defendant:

- a.pain and suffering, past;
- b.pain and suffering, future;
- c.mental anguish, past;
- d.mental anguish, future;
- e.loss of the enjoyment of life, past;
- f.loss of the enjoyment of life, future; and
- g.medical expenses, lost earnings or earning capacity, and other economic damages; and
- h.any other losses or damages as may be proven or shown.

### Jury Trial Demanded

18.Plaintiffs hereby invoke their constitutional right to trial by jury.

WHEREFORE, Plaintiffs pray for judgment against Defendant, for the acts, errors and omission of Defendant, their principals, employees, staff, or agents, direct or indirectly causing the personal, physical, and mental and financial injuries to Plaintiffs as will be proven at trial, and other such damages and compensation for loss;

- a.Monetary, pecuniary or other loss allowed in law or equity, sustained by Alvin and Chester;

b.  For such other and further relief as the Court deems proper and just in premises.

RESPECTFULLY SUBMITTED this 14th day of March 2019.

By: _____
Robert M. Shively
Wyoming State Bar No. 5-6188
Rob Shively, P.C.
301 W. Lincolnway
Cheyenne, WY 82001
Phone: (307) 266-3000
Email: rob@robshively.com
*Co-counsel for Plaintiff Alvin Warren*

Fred H. Shepherd #7-5762
VICKERY & SHEPHERD, LLP
301 W. Lincolnway
Cheyenne, WY 82001
 (713) 526-1100 (Phone)
(713) 523-5939 (Facsimile)
*Co-counsel for Plaintiff Alvin Warren*

Frederick J. Harrison
Frederick J. Harrison, PC
301 W. Lincolnway
Cheyenne, WY 82001
Telephone: 307-324-6639
Facsimile: 307-481-7491
Email: fred.harrison@fjhlawoffice.com
*Counsel for Plaintiff Chester Warren*